JUDGE SCHEINDLIN

MINTZ & GOLD LLP
Steven G. Mintz (SM 5428)
Paul Ostensen (PO 2251)
470 Park Avenue South
10th Floor North
New York, New York 10016
Tel. (212) 696-4848
Fax (212) 696-1231

*Attorneys for Petitioners*
News Corporation and
News America Incorporated

**07 CIV 9424**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X
NEWS CORPORATION and           :
NEWS AMERICA INCORPORATED,     :     07 Civ._____
                               :
                 Petitioners,  :     ECF CASE
                               :
        - against -            :
                               :
BLUE SKY TELEVISION,           :     (SAS)(AJP)
                               :
                 Respondent.   :
------------------------------------------------------X

**NOTICE OF PETITION FOR CONFIRMATION OF ARBITRATION AWARD**

PLEASE TAKE NOTICE THAT, upon the accompanying Petition, all exhibits attached thereto, Petitioners' Memorandum of Law, and the arbitration award ("Award") annexed hereto, Petitioners News Corporation and News America Incorporated will move this Court on October _____, 2007 at 9:30 a.m. at the United States District Courthouse, 500 Pearl Street, New York, New York, 10007, for an order pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 203 and 207, confirming the Award dated September 21, 2007, AAA Case Number 50-147-T-00209-07, directing that judgment be entered thereon, and granting such other further relief as the Court may consider appropriate.

Pursuant to Local Civil Rule 6.1(b), any opposing affidavits and answering memoranda of respondent Blue Sky Television shall be served upon the undersigned within ten (10) business days after service of this notice of petition.

Dated: New York, New York
October 22, 2007

Respectfully Submitted,

_____
Steven G. Mintz (SM 5428)
Paul Ostensen (PO 2251)
Mintz & Gold LLP
470 Park Avenue South
10th Floor North
New York, New York 10016
Tel. (212) 696-4848
Fax: (212) 696-1231
*Attorneys for Petitioners*
*News Corporation and*
*News America Incorporated*

MINTZ & GOLD LLP
Steven G. Mintz (SM 5428)
Paul Ostensen (PO 2251)
470 Park Avenue South
10th Floor North
New York, New York 10016
Tel. 212-696-4848
Fax (212) 696-1231

*Attorneys for Petitioners*
News Corporation and
News America Incorporated

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X
NEWS CORPORATION and
NEWS AMERICA INCORPORATED,   07 Civ._____ (SAS)(AJP)

                                  Petitioners,   ECF CASE
                                     **PETITION FOR**
       - against -   **CONFIRMATION OF**
                                       **ARBITRATION AWARD**
BLUE SKY TELEVISION,

                                  Respondent.
------------------------------------------------------X

      Petitioners News Corporation ("News Corp.") and News America Incorporated ("News America") (collectively, "Petitioners"), by their attorneys Mintz & Gold LLP, for their petition, state as follows:

      1.     Petitioners seek confirmation of an Arbitration Award (the "Award") from the International Centre for Dispute Resolution of the American Arbitration Association ("ICDR") that was transmitted to the parties on September 21, 2007. A copy of the Award is attached to this petition as Exhibit A.

## PARTIES

2.   News Corp. is a corporation organized under the laws of Delaware with its principal place of business at 1211 Avenue of the Americas, New York, New York 10036.

3.   News America is a corporation organized under the laws of Delaware with its principal place of business at 1211 Avenue of the Americas, New York, New York 10036.

4.   Upon information and belief, Blue Sky Television ("BST") is a foreign corporation organized under the laws of Canada with its principal place of business located at 2045 Lakeshore Boulevard West, Suite 4301, Etobicoke, Ontario, Canada M8V 2Z6.

## JURISDICTION

5.   This Court has jurisdiction over this matter, pursuant to 28 U.S.C. §1332(a) (2), since there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

6.   This Court also has federal question jurisdiction over this matter, pursuant to 28 U.S.C. §1331 and Chapter 2, Section 203 of the Federal Arbitration Act and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (hereinafter the "Convention"), because the Award arose out of an international arbitration agreement contained in the contract dated November 1, 2006 between BST and Illuminations, LLC to which Petitioners are disclosed third-party beneficiaries (the "Contract"). A copy of the Contract is attached to this Petition as Exhibit B.

7.   This Court has personal jurisdiction over BST, because BST agreed in paragraph 5(K) of the Contract to submit to the jurisdiction of the courts of New York for confirmation of any arbitration award and entry of judgment.

## VENUE

8. Venue is appropriate in the Southern District of New York under 9 U.S.C. §§ 9 and 204, because the arbitration award was made in New York, New York.

## STATEMENT OF FACTS

### Background

9. On or around November 1, 2006, BST entered into the Contract for the placement of advertising to which Petitioners are disclosed third-party beneficiaries.

10. The Contract specified that Petitioners would display BST's advertisements on the News Astrovision Screen in Times Square in exchange for payment of $285,000.00.

11. Thereafter, Petitioners displayed BST's advertisements.

12. Pursuant to the terms of the Contract, Petitioners issued two invoices to BST, each for $125,000.00.

13. BST accepted the invoices without complaint but failed to remit timely payment of the $250,000.00 owed to Petitioners.

14. The Contract contains an arbitration provision, paragraph 5(K), which designates the America Arbitration Association as the forum and states in part, "[t]he parties agree to be bound by any award in arbitration and that such award may be reduced to judgment upon its entry. The parties submit to the jurisdiction of the courts of New York for the entry of any such judgment."

### The Arbitration

15. On June 11, 2007, Petitioners commenced an arbitration by serving BST with a Notice of Arbitration and a Statement of Claim and filing these documents with the ICDR.

16.     Pursuant to the Contract and ICDR Rules, William L.D. Barrett was appointed as the arbitrator.

17.     BST, by and through its CEO, Ronald Walker, appeared telephonically for a Preliminary Conference on August 20, 2007, during which BST admitted that BST owed Petitioners the amounts alleged in the Statement of Claim and stated that BST had no defense to the claims.

18.     During the Preliminary Conference, BST stipulated that the arbitrator could enter an award against BST for the claims asserted in Petitioners' Statement of Claim.

19.     Thereafter, the arbitrator instructed Petitioners to submit a detailed statement of claim for attorneys fees and costs, which Petitioners faxed to the ICDR and emailed to BST on August 27, 2007.

20.     On September 21, 2007, the ICDR transmitted the duly executed Award to the parties.

## The Arbitration Award

21.     On the consent of the parties, the arbitrator issued the Award, which was transmitted to the parties on September 21, 2007 (Exhibit A).

22.     In the Award, the arbitrator ruled as follows:

> Within 30 days of the date of this award, [BST] shall pay to [Petitioners]:
>
> 1. Two Hundred Fifty Thousand Dollars U.S. ($250,000 US) with interest thereon, totaling Two Hundred Sixty-Four Thousand sixty-two Dollars and fifty cents ($264,062 US).
>
> 2. $7,705.00 for attorney's fees and $52.68 for related expenses;

    3. The fees of the International Centre for Dispute Resolution ("ICDR") in the amount of $2,750.00;

    4. The arbitrator's compensation in the amount of 1,620.00.

23.     BST has not paid any part of the Award.

24.     The Award has not been vacated, modified, or corrected by this or any other court, or by any arbitration.

## RELIEF SOUGHT

Wherefore, Petitioners respectfully request that the Court, pursuant to 9 U.S.C. §§ 203 and 207:

(i)     issue an order confirming the Award;

(ii)     enter a judgment in conformity with the Award, with prejudgment interest thereon; and

(iii)     grant such other and further relief as the Court deems necessary and proper.

Dated: New York, New York
       October 22, 2007

                                        MINTZ & GOLD LLP

                                        _____
                                        Steven G. Mintz (SM 5428)
                                        Paul Østensen (PO 2251)
                                        470 Park Avenue South
                                        10th Floor North
                                        New York, New York 10016
                                        Tel. (212) 696-4848
                                        Fax: (212) 696-1231
                                        *Attorneys for Petitioners*
                                        *News Corporation and*
                                        *News America Incorporated*

**To:** Blue Sky Television
2045 Lakeshore Blvd. W.
Suite 4301
Etobicoke, ON M8V 2Z6
Canada

Ronald Walker (via email at walkerron1@gmail.com)

# EXHIBIT A

## INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION

**In the Matter of the Arbitration between:**

**NEWS CORPORATION and
NEWS AMERICA INCORPORATED,**
                                    **Claimants,**            Case No. 50 147 T 00209 07

**And**

**BLUE SKY TELEVISION,**
                                    **Respondent**

## AWARD OF ARBITRATOR

**I, THE UNDERSIGNED ARBITRATOR,** having been designated in accordance with the arbitration agreement entered into between the above-named parties and dated November 1, 2006, and having been duly sworn, and the parties having consented to the following award, do hereby, AWARD, as follows:

This matter was initiated pursuant to the arbitration clause in the November 1, 2006 agreement (the "Agreement") between Illuminations, LLC and Blue Sky Television ("Respondent"). News Corporation and News America Incorporated ("Claimants") are third party beneficiaries to the Agreement. Claimants agreed to display Respondent's advertisements on the News Astrovision Screen in Times Square in exchange for payment of $285,000.00 (two hundred and eighty five thousand dollars). Thereafter, Claimants displayed Respondent's advertisements. Pursuant to the terms of the Agreement, Claimants issued invoices to Respondent dated November 30, 2006 and December 31, 2006, each for $125,000.00 (one hundred twenty-five thousand dollars). Respondent accepted the invoices without complaint but has failed to remit timely payment of the $250,000.00 still owed to Claimants.

Claimants commenced this arbitration on June 11, 2007 by submitting a Demand for Arbitration and a Statement of Claim to the International Center for Dispute Resolution ("ICDR"). Respondent's Statement of Defense was due to the ICDR and Claimants by July

21, 2007. However, Respondent failed to submit a Statement of Defense or to participate in a June 29, 2007 Administrative Conference. On August 20, 2007, Respondent participated in the Preliminary Hearing. At that hearing Respondent admitted that the amount sought by Claimants is owed, and that Respondent has no defense to the claims. It was agreed by the parties that the matter should proceed directly to an award in favor of Claimant and that hearings would serve no good purpose. I find that it is appropriate to enter the following award on the consent of the parties. Since it is admitted that there was a contract which Claimants fully performed; that under the contract Respondent agreed to pay $250,000 which was duly invoiced and remains unpaid; and Respondent having admitted that it owes the money and has no defense to Claimants claim, and award in the amount of $250,000.00 is appropriate.

Additionally, the Claimants are entitled to reimbursement by Respondent of arbitration costs, reasonable attorney fees and any related fees. Paragraph 5(G) of the Agreement provides:

> In the event that Client fails to make payment in accordance with the terms of this agreement, Client shall be liable for all costs of collection, including but not limited to court costs, reasonable attorney fees and related expenses incurred by News Corporation.

Therefore, the Claimants are entitled to reimbursement of the arbitration costs, including the American Arbitration Association filing fee ($2,750.00), the Arbitrator's compensation ($1,672), and related expenses ($52.68 for overnight FedEx of Demand for Arbitration to ICDR in New York and Respondent in Canada). Additionally, I have determined that Respondent shall reimburse Claimants' attorney fees, which are reflected in Mintz & Gold LLP invoices dated July 12, 2007, August 10, 2007 and August 24, 2007,in the amount of $7,705.00 (seven thousand seven hundred and five dollars) with related expenses of $52.68. I find that these are reasonable in light of the amount in dispute, the issues involved, and the amount of time Claimants' attorneys devoted to this matter.

**Award**

Accordingly, I award as follows:

Within 30 days of the date of this award, Respondent shall pay to Claimants:

1. Two Hundred Fifty Thousand Dollars U.S. (US$250,000) together with interest thereon as follows: 9% x $125,000 x 8 months late, US$7,537.50 and 9% x $125,000 x 7 months late, $4,370 for a total of interest due of $14,062.50 for a total due Claimant of Two Hundred Sixty-Four Thousand sixty-two Dollars and fifty cents US ($264,062US).

2. $7,705.00 for attorney's fees and $52.68 for related expenses;

3. The fees of the International Centre for Dispute Resolution ("ICDR") in the amount of $2,750.00.

4. The arbitrator's compensation in the amount of $1,620.00.

I hereby certify that, for the purposes of Article 1 of the New York Convention of 1958, on the Recognition and Enforcement of Foreign Arbitral Awards, this Final Award was made in New York, NY.

9/21/07
Date

William L.D. Barrett

State of New York
County of New York
} SS:

I, William L.D. Barrett, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is my Award.

9/21/07
Date

William L.D. Barrett

# EXHIBIT B



149 Pershing Road
Clifton, NJ 07013
Voice: 973.591.6889
Fax: 973.591.6881

# CONTRACT FOR PLACEMENT OF ADVERTISING
# ON NEWS ASTROVISION BY PANASONIC IN TIMES SQUARE

1.      **PARTIES.** This agreement is between <u>Illuminations, LLC</u>. of <u>149 Pershing Road, Clifton, New Jersey 07013</u>  and <u>Blue Sky Television, 2045 Lakeshore Blvd W, Suite 4301, Etobicoke, Ontario, M8V 2Z6</u> [hereinafter referred to as "Client"].

2.      **PLACEMENT AND PRODUCTION OF ADVERTISING:** Illuminations shall arrange to run advertising of Client on the News Astrovision by Panasonic at One Times Square, New York in accordance with the terms of this contract.

3.      **SCHEDULE FOR PLACEMENT:** Advertising shall be run on these dates: November 13-26, 2006, 10 minutes per hour, 16 hours per day, between 9am – 2am
December 23, 2006 – January 1, 2007, 4 minutes per hour, 16 hours per day, between 9am – 2am

4.      **PRICE AND PAYMENT TERMS.** Client shall pay $285,000 net.

$35,000 deposit received.
$125,000 will be due by November 1, 2006.
$125,000 will be due by December 15, 2006.

Invoices shall be generated by News America Incorporated: "News Corporation" or "News America Incorporated" to Client and paid by Client to News America Incorporated.

5.      **TERMS AND CONDITIONS:**

    A.      **CONTENT.** News Corporation has the unilateral right to review and approve all commercials prior to air. News Corporation shall be solely responsible for playback of the footage during the scheduled time frame and News Corporation will have the right to pre-empt or cut into advertising for news emergencies as determined by them. News Corporation shall have the right, in its sole discretion, to provide a make up broadcast for any time lost or to make a pro rata refund or credit to Client in the event of such a pre-emption or cut in.

    B.      **DELIVERY OF MATERIAL.** Client shall be responsible for delivering a beta sp tape or DVD with traffic instructions directly to: Illuminations, LLC. Attn: Traffic, 149 Pershing Road, Clifton, NJ 07013 973.591.6880 by November 1 for the schedule starting November 13 and December 11 for the materials starting December 23.

    C.      **NEWS CORPORATION APPROVAL.** News Corporation shall have the right to accept or reject this placement of advertising. This contract shall only become binding upon approval by News Corporation of the materials for placement on the screen.

    D.      **INDEMNIFICATION.** Client represents and warrants that (i) it has the right to

1

broadcast and distribute any images it submits for use on the News Astrovision by Panasonic and (ii) no part of the material submitted by Client contain or will contain any defamatory or libelous matter, nor will such Client's material in any way, infringe upon or violate any copyright, trademark, patent, right of privacy or any other right (statutory, propriety or otherwise), or violate the provisions of any law, regulation, ordinance or ruling of any court, government body or agency. Client will indemnify, defend and hold harmless Illuminations, News Corporation and Panasonic and their respective affiliates, officers, directors, employees and representatives (the "Indemnified Parties") from any liabilities, losses, damages, costs and expenses (including without limitation reasonable attorneys' fees) which any Indemnified Party shall incur by reason of any suit, claim or action made against or otherwise involving the Indemnified Parties arising out of or related to the images broadcast by or on behalf of Client on the News Astrovision by Panasonic or any breach or alleged breach if the representations and warranties made by Client in this agreement.

E. **LICENSE.** Client agrees that in the event the commercial display on the News Astrovision by Panasonic is recorded by Client for any future use, in all scenes featuring the screen, the News Corporation trademark and logos will appear and will not be altered, modified, concealed, obliterated or erased. Client agrees that the screen, and the News Corporation logo will not be portrayed in a negative manner and agrees to use the trademark and logo only in this context and for no other purpose without News Corporation's prior written consent.

F. **COMPLETE AGREEMENT.** This agreement contains all terms agreed to between the parties. There are no terms or agreements between the parties which are not contained herein. This agreement may only be modified by a writing signed by both parties. News Corporation may require Client to sign additional documentation and agreements as a condition precedent to acceptance of the requested advertising.

G. **COLLECTION.** In the event that Client fails to make payment in accordance with the terms of this agreement, Client shall be liable for all costs of collection, including but not limited to court costs, reasonable attorney fees and related expenses incurred by News Corporation. News Corporation is an intended third party beneficiary of this agreement and shall have the right to enforce any and all provisions of this agreement.

H. **LIMITATION OF LIABILITY.** Neither Illuminations, nor News Corporation, shall have any liability for any and all losses or damages suffered by Client as a result of failure to display or failure to properly display the requested advertising, in excess of the price actually paid for the advertisement. Neither Illuminations, nor News Corporation, shall under any circumstances be liable to Client for any consequential, loss of profits, business interruption, indirect, incidental or otherwise similar damages.

I. **CONTROLLING LAW.** This agreement shall be governed by the laws of the State of New York.

J. **WAIVER OF TRIAL BY JURY.** In the event of dispute between the parties, **BOTH PARTIES AGREE TO WAIVE THEIR RIGHT TO TRIAL BY JURY.**

K. The parties agree that any dispute between them shall be resolved by arbitration in accordance with the rules of the American Arbitration Association. The parties shall proceed to arbitration through the American Arbitration Association, unless they can agree upon a different party to conduct the arbitration. The parties agree to be bound by any award in arbitration and that such award may be reduced to judgment upon its entry. The parties submit to the jurisdiction of the courts of New York for the entry of any such judgment.

L. **IMPOSSIBILITY.** Notwithstanding the above provisions, if as a result of act of war, terrorism, civil disturbance, natural disaster, government regulation, fire, storm or other casualty, or other unforeseen circumstances beyond the control of Illuminations, it is not possible to run the agreed upon advertisement at the time specified, the advertisement will be run as soon as practical thereafter under similar circumstances, i.e. time of day, day of week. This provision shall not apply to time sensitive advertisements, for example one day sales or special events nor shall it apply to holiday advertisements.

M. **NO JOINT VENTURE.** Neither this contract nor the transactions contemplated thereby are to be construed as creating a partnership, joint venture, master-servant, principal-agent, or other relationship for any purpose whatsoever.

For Illuminations, LLC.:

By: _____    11/1/06
Evelyn Ackley                          DATE

For Blue Sky Television:

By: _____    31-OCT 2006
                                       DATE

3